

FILED & JUDGMENT ENTERED

Christine F. Ramsey

March  20  2026

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_Laura T Beyer_
Laura T. Beyer
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 25-50268 |
| | ) | |
| ORIGIN FOOD GROUP, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

## ORDER GRANTING MOTION FOR APPROVAL OF AUCTION MARKETING AGREEMENT AND TO SELL FREE AND CLEAR OF ANY INTERESTS IN PROPERTY

This cause came before the Court upon that certain motion entitled *Motion for Approval of Auction Marketing Agreement and to Sell Free and Clear of Any Interests in Property* (the "Motion")[1] [Doc. 174] filed by Origin Food Group, LLC (the "Debtor") on February 12, 2026. At the March 6, 2026 hearing, John C. Woodman appeared for the Debtor, and Shelley Abel appeared on behalf of the Bankruptcy Administrator.   The Debtor's officer Halil Ulukaya was available during the hearing.

The Motion was duly served on all parties entitled to notice of the Motion.  All parties in interest had adequate notice of the Motion and an opportunity to be heard and object.   The Court having reviewed the Motion, other papers in the file before the Court, and having considered the arguments of counsel, makes the following:

---

[1] Unless defined herein, capitalized terms shall have the meaning provided for in the Motion.

**FINDINGS OF FACT**

1.      The Debtor filed chapter 11 bankruptcy on August 20, 2025 ("Petition Date"), before the United States Bankruptcy Court for the Western District of North Carolina ("Court").

2.      This Court has approved the retention of Harry Davis, LLC as its authorized auctioneer.  See *Amended Ex Parte Order Granting Application to Employ Professional Harry Davis, LLC as Auctioneer* [Doc. No. 166].

3.      Attached to the Motion was that certain *Auctioneer Engagement Agreement* (the "Agreement").

***Assets and Auction***

4.      The Assets in which the Debtor sought to sell pursuant to the Motion were provided for on the *Asset Schedule* attached to the Motion.  The Debtor sought to sell the Assets in the marketplace through an online auction and bidding process to ensure that the Debtor's estate realizes the maximum value for the Assets.

***Auction Fees and Costs***

5.       Harry Davis, LLC agreed to compensation without reimbursement from the Debtor for all marketing expenses associated with promoting the auction and all labor and all other expenses to prepare for and conduct the auction.

6.      The proposed compensation to Harry Davis, LLC is a buyer's premium as defined in Section 9 of the Agreement of the industry standard of 17% of the purchase price which is paid by the buyers and a commission of 10% for each item sold to be retained from the sale proceeds. Buyers are to pay a 3% buyer's premium for the internet provider to be collected and remitted to the internet provider.

7.      The Debtor sought to compensate Harry Davis, LLC without further application of the Court.

***Secured Claims***

8.      Below is a schedule of the UCC Financing Statements on file with the North Carolina Secretary of State in which the Debtor is listed:

| CREDITOR | UCC NUMBER | DATE FILED |
|---|---|---|
| Branch Banking & Trust | 20110009486B<br>*Termination 20160001564G* | Feb. 1, 2011 |
| International Financial Services Corporation | 20160052751M<br>*Termination 20250038950F* | May 24, 2016 |
| Longitude 80 Dairies, Inc. | 20200025098K<br>*Continuation 20250025324G*<br>*Assignment 20250038887E*<br>Treemount Holding, LP | March 9, 2020 |
| Treemount Trading Limited | 20200025099M<br>*Continuation 20250025341F* | March 9, 2020 |
| HYG Financial Services, Inc. | 20200026678E | March 12, 2020 |
| Branch Banking & Trust | 20200120730J | August 4, 2020 |
| CT Corporation System | 20200123561C<br>*Termination 20240041114M* | August 10, 2020 |
| Navitas Credit Corp. | 20210083097C | June 22, 2021 |
| DariFill | 20210142723F | Oct. 22, 2021 |
| The Huntington National Bank | 20220056104C | April 22, 2022 |
| The Huntington National Bank | 20230060847C | May 12, 2023 |
| CT Corporation System | 20230061633H<br>*Assignment 20230075449H*<br>First Commonwealth Equipment Finance, a division of First Commonwealth Bank | May 15, 2023 |
| CT Corporation System | 20230069458M<br>*Termination 20240032110G* | June 1, 2023 |
| CT Corporation System | 20230154856H<br>*Assignment 20240023544H* | Dec. 20, 2023 |

| | First Commonwealth Equipment Finance, a division of First Commonwealth Bank | |
|---|---|---|
| Goodman Capital Finance | 20240039794A | April 3, 2024 |
| Luthman Backlund Foods USA, Inc. | 20240044193M *Termination 20250074762G* | April 11, 2024 |
| First Citizens Bank & Trust | 20240082595J | July 9, 2024 |
| CT Corporation System | 20240082601G *Termination 20250075204J* | July 9, 2024 |
| DariFill | 20240109255A | Sep. 10, 2024 |

(collectively, the "Creditors").

Based upon the Foregoing **FINDINGS OF FACT**, the Court makes the following:

**CONCLUSIONS OF LAW**

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Section 105(a) of the Bankruptcy Code provides that "the Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.

4. Pursuant to Section 363(b) of the Bankruptcy Code, a debtor "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." A debtor must demonstrate a sound business justification for a sale or use of assets outside the ordinary course of business. *See Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991); *In re Continental Air Lines*, 780 F.2d 1223, 1226 (5th Cir. 1986); *Stephens*

*Indus., Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063, 1068-69 (2nd Cir. 1983); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169 (D. Del. 1991).

5.      A myriad of factors are used by Courts to determine whether a sound business justification exists, including: (i) whether there is a sound business reason for the proposed transaction, (ii) whether there is fair and reasonable compensation being provided by the proposed transaction, (iii) whether the transaction has been proposed and negotiated in good faith; and (iv) whether adequate notice has been provided.  *Committee Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2nd Cir. 1983) (setting forth the "sound business purpose" test); *In re Abbots Dairies of Pa., Inc.,* 788 F.2d 143, 146-47 (implicitly adopting the articulated business justification test of In re Lionel Corp. standard and adding the "good faith" requirement); *In re Charlotte Commercial Group, Inc.*, 2002 WL 31055241, *3 (Bank. M.D.N.C. Aug. 12, 2002) (unreported decision by Judge Aron adopting Lionel).

6.      In the instant case based on the facts proffered at the Hearing and in the Motion, it is clear that sound business justification exists to sell the identified Assets pursuant to the terms of an online auction.

7.      The proffer at the Hearing shows that the transaction was proposed and negotiated in good faith.

8.      Adequate notice of the proposed sale has been given as the Debtor has provided notice of the Motion and the Hearing to all creditors and parties in interest in this case.

9.      After the identification of any proposed purchaser of an Asset is provided to the Bankruptcy Administrator and no objection is raised, any and all purchasers shall be deemed a good faith purchaser within the meaning of Section 363 (m) of the Bankruptcy Code and in turn the consideration provided by said purchaser shall be considered fair and reasonable, (ii) will

provide a greater recovery for the Debtor's creditors than would be provided by any other practical available alternative including foreclosure or conversion to chapter 7, and (iii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code as well as the laws of the United States and North Carolina.

10.     The Court concludes that the sale of the Assets via online auction is in the best interests of the estate of the Debtor, its creditors and should be approved by the Court.

11.     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to these proceedings by Bankruptcy Rule 9014, and to the extent a finding of fact is deemed to be a conclusion of law, and vice versa, the record shall be deemed to have been corrected.

12.     Section 363(f) of the Bankruptcy Code allows the Court to sell the property free of liens, encumbrances and claims as the secured creditor consents to the sale on the terms provided herein.

13.     Based upon the forgoing Findings of Fact and Conclusions of Law and the entire record in this matter, and for good and sufficient cause otherwise shown, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** as follows:

A.     That the Motion is **APPROVED** on the conditions provided in this Order;

B.     That the online auction sale of the Assets as attached hereto as Exhibit A, be and hereby is **APPROVED**;

C.     That should any prevailing purchaser timely comply with the tendering of the "Purchase Price," said purchaser shall become the prevailing purchaser;

D.     That the sale of the Asset(s) to any prevailing purchaser may close at any time after the entry of this Order;

E.      That the Creditors shall receive a replacement lien on the funds from the closing of the Assets to the same extent and priority that the Creditor would have had as of the Petition Date;

F.      That any Asset sold pursuant to this Order shall be sold pursuant to, and to the fullest extent permitted by 11 U.S.C. § 363(f) and all other applicable laws, free and clear of any and all liens, security interest, encumbrances and claims (including, but not limited to, any "claims" as defined in 11 U.S.C. § 101(5)), reclamation claims, mortgages, pledges, covenants, restrictions, hypothecations, charges, indentures, loan agreements, causes of action, instruments, contracts, leases, licenses, options, rights of first refusal, offsets, recoupment, rights of recovery, judgments, orders and decrees of any court or foreign or domestic governmental entity, claims for reimbursement, successor liability, contribution, indemnity or exoneration, assignment, preferences, debts, charges, suits, rights of recovery, interests, products liability, alter-ego, environmental, successor liability, tax and other liabilities, and in each whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, notice or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, or known or unknown whether arising prior to, on or subsequent to the Petition Date, whether imposed by agreement, understanding law, equity or otherwise;

G.      That any stay that would otherwise be applicable pursuant to Bankruptcy Rule 6004(h) shall be and hereby is waived;

H.      That the compensation outlined in the Motion to Harry Davis, LLC is approved as fair and reasonable without further application required;

I. That the transactions contemplated by the Motion are undertaken by the Debtor, and any prevailing purchaser are in good faith, as that term is used in section 363(m) of the Bankruptcy Code;

J. That this Court shall have exclusive jurisdiction to implement and enforce the terms and provisions of this Order, the Motion and the Exhibits attached thereto, including any disputes with respect to the sale of the Assets;

K. That the prevailing purchaser shall have and acquire at closing good, valid and marketable title to the Assets, and the Assets shall be sold and conveyed free and clear of any and all liens, claims, encumbrances and interests;

L. That, apart from the replacement lien provided herein, all UCC lien claimants shall cancel their respective UCC-1 Financing Statements and/or liens against the Assets and shall be deemed to have waived and relinquished any claim against the Assets; and

M. That following the conclusion of any prevailing offer made during the online auction, the Debtor is authorized and directed to take all commercially reasonable and necessary steps to complete and implement the transaction(s) contemplated by the sale, including (but not limited to) conveying the pertinent Asset to the party submitting the prevailing bid by bill of sale or other appropriate instrument;

N. That the Debtor shall only have been deemed to  have accepted a bid only when the bill of sale or other appropriate instrument is delivered;

O. That upon completion of the auction process, the Debtor will file the required Report of Sale as to all assets sold.

P.       That the Debtor's counsel may apply for its fees to be surcharged against the proceeds from any sale provided however, said application must filed and noticed to creditors pursuant to this Court's Local Rules;

Q.       That the Debtor reserves the right to challenge the perfection of any liens at a later date including the liens allegedly perfected by the Creditors.


This Order has been signed electronically.          United States Bankruptcy Court
The Judge's signature and Court's seal
appear at the top of this Order.

# EXHIBIT "A"

| WAREHOUSE AREA | Serial Number |
|---|---|
| Modern Packaging Cup Filler | MP-834 |
| Gaulin MS453.5TBS Homogenizer | 69312320 |
| Tetra Pak Single Barrel Freezer, 2000 Series | Z1521061-121763342 |
| Stainless Steel Flow Panel, Including Control Panel | No Serial Found |
| Stainless Steel Tape Machine, Chinese | 13141 2011040068 |
| 2017 Tetra Pak Fruit Feeder | Z2014100-126874958 |
| Waukesha Model 210 U2 PD Pump Skid | 1000002757529 |
| Tri-Clover Centrifugal Pump | 810938 |
| Tri-Clover Centrifugal Pump | 9544 |
| New Orion Shrink Wrapper | V-8515 |
| ARPAC Shrink Wrapper | 13083 |
| Label Applicating Machine | No Serial Found |
| Label Applicating Machine | No Serial Found |
| Cherry Burrell 50 Gallon Uni-Vat, Insulated | 4190 |
| Ingersol Rand Air Compressor | KE6045U98159 |
| New In Crate Reimers Electric Steam Boiler | 0622-132338 |
| Gaulin KL24 Painted Frame Homogenizer | 629596824 |
| Gardner Denver Air Compressor | D090024 |
| Hamilton 300 Gallon Steam Jacketed Kettle | D-4772-3 |
| Marathon 500 HP Electric Motor | WAA115061 |
| Marathon 500 HP Electric Motor | WAA015965 |
| GEA Ammonia Compressor Head Only | T0375 |
| Osgood Cup Filler | 403-346 |
| Stainless Steel Lid Unscrambler With Hopper | No Serial Found |
| Huhtamaki 5 Gallon Bulk Ice Cream Can Maker | RP-104-4 |
| Metler Toledo High Speed Check Weigher | 265682 |
| Quadro Portable Powder Blender | ZC1-0179R 2004 |
| Liqui-Box Single Head Bag In A Box Filler | 95468 |
| Domino Laser Printer | 008002 |
| CTM Label Applicating Machine | No Serial Found |
| New Alfa Laval 6" Centrifugal Pump with 100 HP WEG Motor | R984195 |
| New Alfa Laval 6" Centrifugal Pump with 100 HP WEG Motor | 984194 |
| In-Line Gear Drive With 40 HP Baldor Motor | 201820445-100 |
| Stainless Steel Dairy Control Panel | No Serial Found |
| Stainess Steel Dairy Control Panel | No Serial Found |
| ABB Commander Recorderm Mounted In Stainless Steel Panel | No Serial Found |
| Ammonia Screw Compressor Skid | 4686 |
| Video Jet Model 1650 Ink Jet Printer | 1314717C30ZH |
| Video Jet Model 1650 Ink Jet Printer | 1310594C30ZH |
|  |  |
| OUTSIDE BONE YARD AREA |  |
| Stainless Steel 1,000 Gallon Freon Jacketed Farm Tank | No Serial Found |
| 3" Stainless Steel Holding Tube Assembly, On Stainless Steel Base | No Serial Found |
| Cherry Burrell 3-Barrel Scraped Surface Heat Exchanger, With (3) Centrifugal Pumps, Skid Mounted | 35729VA |
| Stainless Steel Operator platform With Fiberglass Grating | No Serial Found |
| 3" Stainless Steel Holding Tube Assembly, On Stainless Steel Base | No Serial Found |
| Frick Ammonia Evaporator With Fans | 597810100 |
| Frick Ammonia Evaporator With Fans | 597810200 |
| Stainless Steel 1,000 Gallon Vertical Jacketed Processing Tank With Vertical Agitator | 18430 |
| Stainless Steel 1,000 Gaillon Vertical Jacketed Processing Tank With Vertical Agitator | No Serial Found |
| Chevrolet Model C7500 Cab & Chassis Truck | 516080 |
| International Bulk Milk Tanker Truck With 2,200 Gallon Stainless Steel Tank | 1HTMMAAM55H615920 |
|  |  |
| Conference Room |  |
| Recently Purchased From HD&C Microthermics System | 3216.799.3 |