UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

IN RE:

ORIGIN FOOD GROUP, LLC                          CASE NO.: 25-50268

DEBTOR                          CHAPTER 11

OBJECTION TO DEBTOR'S PLAN OF REORGANIZATION

NOW COMES First Citizens Bank & Trust ("First Citizens"), by and through undersigned counsel, and objects to the Debtor's *Chapter 11 Plan of Reorganization of Origin Food Group, LLC* [Doc. 226] (the "Plan"). In support, First Citizens states as follows:

1.      On August 20, 2025 (the "Petition Date"), Origin Food Group, LLC (the "Debtor") filed a voluntary Petition for relief under Chapter 11 in the United States Bankruptcy Court, Western District of North Carolina.

2.      First Citizens timely filed Proof of Claim No. 18-1 on September 24, 2025 ("POC"), asserting a fully secured claim in the amount of $48,375.69, arising from a Master Equipment Lease Agreement entered on or about January 20, 2021. The POC is secured by a properly perfected first-priority lien on a CEM Smart Trac Moisture Fat System (the "System"), evidenced by a UCC Financing Statement filed with the North Carolina Secretary of State on July 9, 2024 (File No. 20240082595J).   First Citizens incorporates by reference its POC filed in the Claims Register as part of this objection.

3.      As set forth in First Citizen's POC, the System is owned by First Citizens and Debtor is the Lessee.  As of the Petition Date,  the System's value was $48,375.69, the outstanding balance was $48,375.69 and there was no pre-Petition arrearage.

4.      Debtor's Plan proposes to treat First Citizen's claim in Class 5 in the following manner:  Secured in the amount of $15,000.00 over a new 84 month term, at 5.5% interest.

5. First Citizens does not accept the Debtor's proposed treatment of its claim.

6. First Citizens objects to confirmation of the Plan under the provisions of 11 U.S.C. § 365(b)(1).  Assumption of an unexpired lease requires the Debtor to: (i) cure, or provide adequate assurance that it will promptly cure, all defaults; (ii) compensate First Citizens for any actual pecuniary loss resulting from such defaults; and (iii) provide adequate assurance of future performance. 11 U.S.C. § 365(b)(1).

7. While there is no pre-petition arrearage to cure, there is a sizeable post-petition arrearage as upon information and belief, the Debtor has tendered no post-petition lease payments to First Citizens.  As to curing this post-petition arrearage, the Plan is silent.

8. Before assumption may be approved, the Debtor must confirm the full extent of any defaults, including unpaid lease payments accrued through the effective date, property taxes, if any, for which First Citizens may invoice the Debtor under Section 12 of the Lease Agreement.  Again, the Plan is silent as to this issue and therefore does not satisfy Section 365(b).

9. The Plan must include specific provisions demonstrating how the Reorganized Debtor will satisfy its continuing obligations under the Lease Agreement, including timely monthly payments.  Debtor's solution is to rewrite the terms of the existing lease from a 35 month term to a new term of 84 months with 5.59% interest, lowering the monthly rental payment from $1,828.51 to $215.55. First Citizens does not agree to this proposed treatment.

10. The Plan is silent on what occurs at lease termination. The Plan must address whether the Reorganized Debtor intends to exercise the purchase option and, if so, how that payment will be funded, or alternatively whether the Reorganized Debtor will return the System to First Citizens in satisfactory condition in accordance with the return requirements of Section 9 of the Lease Agreement. Failure to address these obligations creates ambiguity that prejudices First Citizens.

11. If the System is to be returned at lease end, the Plan must require the Reorganized Debtor to return it free of excessive wear and tear as defined in Lease

Section 9, and to pay any excess wear and tear charges, and other termination obligations then outstanding. First Citizens reserves the right to seek recovery of all such amounts.

12.     First Citizens reserves the right to amend this objection and/or assert additional objections at the confirmation hearing on the Debtor's Plan.

WHEREFORE, First Citizens Bank & Trust respectfully requests that this Court sustain this Objection and deny confirmation of the Debtor's Plan and grant such other and further relief as the Court deems just and proper.

Dated: 07/21/2026

s/Joseph J. Vonnegut
Joseph J. Vonnegut
N.C. State Bar No. 32974
Email:  joe.vonnegut@dhwlegal.com

s/John C. Bircher III
John C. Bircher III
N.C. State Bar No. 24119
Email:  john.bircher@dhwlegal.com

DAVIS HARTMAN WRIGHT LLP
209 Pollock Street
New Bern, NC 28560
252-262-7055 Tel/Fax

3

## CERTIFICATE OF SERVICE

I hereby certify that on this same date, I electronically filed the foregoing Objection with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants in this case. Entities not registered for electronic service have been served by depositing a copy in the United States mail, postage pre-paid:

*Bankruptcy Administrator*
*(via CM/ECF)*

John C. Woodman
*Attorney for Debtor*
Essex Richards
*(via CM/ECF)*

David A. Matthews
*Attorney for Debtor*
Essex Richards
*(via CM/ECF)*

Origin Food Group, LLC
Attn: Manager or Agent
306 Stamey Farm Road
Statesville, NC  28677

Dated: 07/21/2026

s/Joseph J. Vonnegut
Joseph J. Vonnegut
N.C. State Bar No. 32974
DAVIS HARTMAN WRIGHT LLP
209 Pollock Street
New Bern, NC 28560
Telephone/Facsimile 910-218-7613
Email: joe.vonnegut@dhwlegal.com